UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NANCY MARIE MCCARTER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MARTIN O'MALLEY, Commissioner of Social Security,[1]<br><br>　　　　Defendant. | Case No.  1:23-cv-01153-JLT-BAM<br><br>**FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>(Docs. 14, 18)<br><br>FOURTEEN-DAY DEADLINE |

### **Findings and Recommendations**

### **INTRODUCTION**

Plaintiff Nancy Marie McCarter ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits under Title II of the Social Security Act.  The matter is currently before the Court on Plaintiff's motion for summary judgment and the parties' briefs, which were submitted, without oral argument, to Magistrate Judge Barbara A. McAuliffe, for issuance of findings and recommendations.

---

[1] Martin O'Malley became the Commissioner of Social Security on December 20, 2023.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Martin O'Malley is substituted as the defendant in this suit.

1

Having considered the briefing and record in this matter, the Court finds that the decision of the Administrative Law Judge ("ALJ") is not supported by substantial evidence in the record as a whole or based upon proper legal standards.  Accordingly, this Court will recommend granting Plaintiff's motion for summary judgment, vacating the decision of the ALJ, denying Defendant's request to affirm, and remanding the matter pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings.

## FACTS AND PRIOR PROCEEDINGS

Plaintiff protectively filed an application for disability insurance benefits on January 29, 2021. AR 17, 190-92, 193, 194-97.[2]  Plaintiff alleged that she became disabled on January 20, 2021, due to migraine headaches, high blood pressure, food allergies, seizure disorder, kidney disfunction, rashes on head and torso, systemic lupus erythematosus, and depression.  AR 218.  Plaintiff's application was denied initially and on reconsideration.  AR 101-05, 112-16.  Subsequently, Plaintiff requested a hearing before an ALJ.  Following a hearing, ALJ John Rolph issued a decision denying benefits on October 25, 2023.  AR 14-31, 36-64.  Thereafter, Plaintiff sought review of the decision, which the Appeals Counsel denied.  AR 1-6.  This appeal followed.

### Relevant Hearing Testimony

ALJ John Rolph held a telephonic hearing on October 13, 2022.  Plaintiff appeared with her attorney, Amanda Foss.  Rachel McDaniel, an impartial vocational expert, also appeared.  AR 39-40.

Plaintiff testified that she worked twenty-five years as a secretary receptionist for a CPA.  AR 45, 52.  The vocational expert ("VE"), Rachel McDaniel, defined Plaintiff's past work as administrative work, DOT code 219.362-010, light, with an SVP of 4, but performed at the medium exertional level.  AR 59.  For the first hypothetical, the ALJ asked the VE to assume a hypothetical individual who was able to lift, carry, push, and pull up to 20 pounds occasionally and 10 pounds frequently, and light work.  This individual could stand and/or walk six hours in an eight-hour day, could sit six hours in an eight-hour day, would require a sit/stand opinion at 40-to-60-minute intervals,

---

[2] References to the Administrative Record will be designated as "AR," followed by the appropriate page number.

for 3-to-5 minutes at a time, during which she may remain on task. This individual could never climb ladders, ropes, or scaffolds, but could occasionally climb ramps and stairs, stoop, kneel, crouch, and crawl. With the upper extremities, this individual could frequently reach overhead and frequently push, pull, handle, and finger. With the lower extremities, this individual could frequently push, pull, and engage in foot pedal operations. This individual also must avoid more than occasional exposure to extreme cold, vibration, and direct sunlight and must avoid all exposure to hazards, such as dangerous, moving machinery, open flames, open bodies of water, and unsecured heights. The VE testified that the particular limitations would eliminate Plaintiff's past work as performed, but would allow for the past work, per the Dictionary of Occupational Titles ("DOT"). AR 59-60.

For the second hypothetical, the ALJ asked the VE to add to the first hypothetical that this individual could learn, remember, and perform simple and detailed work tasks, involving simple and detailed work instructions. This individual could attend, concentrate, and maintain pace for two hours at a time with normal breaks. The VE testified that this individual could perform Plaintiff's past relevant work, per the DOT, but not as performed. AR 60-61.

For the next hypothetical, the ALJ asked the VE to assume that due to a combination of severe physical and/or mental impairments, associated, pain, fatigue, and other symptoms, the hypothetical individual would routinely be off task a minimum of 15% of the work period and would regularly miss a minimum of 3 workdays per month. The VE testified that this hypothetical individual would not be able to perform Plaintiff's past relevant work. There also would not be any work in the national economy that a person with such limitations could perform. AR 61. The VE testified that up to and including 10% of the time off task is allowed, but anything greater than that would be excessive and preclude all employment. The VE also testified that one absence per month was allowed, which included arriving late and leaving early, and anything greater would be excessive and preclude all employment. AR 61-6.

The VE testified that Plaintiff would not have acquired skills in her past relevant work transferable to jobs at a sedentary level. AR 62.

The VE affirmed that her testimony was not inconsistent with the DOT. However, the VE indicated that the DOT did not specifically address absenteeism, time off work, exposure to sunlight,

the use of foot controls, overhead reaching, the difference in ramps and stairs versus ladders, ropes, and scaffolds, or the standing and sitting requirements as specified under the hypothetical. The VE indicated that such information was based on her education, training, and experience in the field of vocational rehab. AR 62.

For the final hypothetical, Plaintiff's counsel asked the VE to add to the first hypothetical that the individual would be limited to occasionally reaching overhead and gripping and grasping, instead of frequently reaching overhead and gripping and grasping. The VE testified that Plaintiff's past relevant work would not be available. AR 63.

**Medical Record**

The relevant medical record was reviewed by the Court and will be referenced below as necessary to this Court's decision.

**The ALJ's Decision**

Using the Social Security Administration's five-step sequential evaluation process, the ALJ determined that Plaintiff was not disabled under the Social Security Act. AR 17-31. Specifically, the ALJ found that Plaintiff had not engaged in substantial gainful activity since January 20, 2021, her alleged onset date. AR 20. The ALJ identified the following severe impairments: systemic lupus erythematosus, affective disorders, and stress-related disorders. AR 20-22. The ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled any of the listed impairments. AR 22-24.

Based on a review of the entire record, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform light work, with the following limitations: could lift, carry, push, and pull up to 20 pounds occasionally and 10 pounds frequently in light work; could sit six hours in an eight-hour day; could stand or walk six hours in an eight-hour day; required a sit/stand option at 45-to-60-minute intervals, for three-to five-minutes at a time, during which periods she would remain on task; with the upper extremities, could frequently reach overhead, push, pull, handle, and finger; with the lower extremities, could frequently push, pull, and engage in foot pedal operations; could never climb ladders, ropes, or scaffolds, but could occasionally climb ramps and stairs, stoop, kneel, crouch, and crawl; must avoid more than occasional exposure to extreme cold,

vibration, and direct sunlight; must avoid all exposure to hazards, such as dangerous moving machinery, open flames, open bodies of water, and unsecured heights; could learn, remember, and perform simple and detailed work tasks, involving simple and detailed work instructions; and could attend, concentrate, and maintain pace for two hours at a time with normal breaks. AR 24-29. With this RFC, the ALJ determined that Plaintiff could perform her past relevant work as an administrative clerk. AR 30. The ALJ therefore concluded that Plaintiff had not been under a disability from January 20, 2021, through the date of the decision. AR 30.

## SCOPE OF REVIEW

Congress has provided a limited scope of judicial review of the Commissioner's decision to deny benefits under the Act. In reviewing findings of fact with respect to such determinations, this Court must determine whether the decision of the Commissioner is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence means "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 402 (1971), but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119, n. 10 (9th Cir. 1975). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The record as a whole must be considered, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985). In weighing the evidence and making findings, the Commissioner must apply the proper legal standards. *E.g., Burkhart v. Bowen*, 856 F.2d 1335, 1338 (9th Cir. 1988). This Court must uphold the Commissioner's determination that the claimant is not disabled if the Commissioner applied the proper legal standards, and if the Commissioner's findings are supported by substantial evidence. *See Sanchez v. Sec'y of Health and Human Servs.*, 812 F.2d 509, 510 (9th Cir. 1987).

## REVIEW

In order to qualify for benefits, a claimant must establish that he or she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c(a)(3)(A). A claimant must show that he or she has a physical or mental impairment of such severity that he or she is not only unable to do his or her previous work, but cannot, considering his or

her age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. *Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir. 1989). The burden is on the claimant to establish disability. *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990).

## **DISCUSSION**[3]

Plaintiff contends that the ALJ's findings at step four of the sequential evaluation are not based on substantial evidence because the ALJ failed to resolve an apparent conflict between the VE's testimony and the DOT, as required by Social Security Ruling 00-4P.

At step four of the disability determination, it is the claimant's burden to demonstrate she cannot perform her past relevant work. *Pinto v. Massanari*, 249 F.3d 840, 844 (9th Cir. 2001). Although the claimant bears the burden of showing that she cannot perform such work, the ALJ must still make the requisite factual findings to support the step-four conclusion. *Id.* An ALJ may rely on the testimony of a vocational expert to determine if a claimant can perform her past relevant work. *Massachi v. Astrue*, 486 F.3d 1149, 1152-53 (9th Cir. 2007). However, if the VE's opinion "conflicts with, or seems to conflict with, the requirements listed in the [DOT], then the ALJ must ask the expert to reconcile the conflict before relying on the expert to decide if the claimant is disabled." *Gutierrez v. Colvin*, 844 F.3d 804, 807 (9th Cir. 2016) (citing Social Security Ruling ("SSR") 00-4P, 2000 WL 1898704, at *2 (2000)).

Here, the ALJ reached an RFC determination that Plaintiff is capable of light work, with additional limitations, including a limitation to performing "simple and detailed work tasks, involving simple and detailed work instructions." AR 24. The VE testified that with this RFC, Plaintiff was capable of performing her past relevant work as an Administrative Clerk, DOT Code 219.362-010. AR 59-61. At step four of the sequential evaluation, relying on the VE's testimony, the ALJ determined that Plaintiff was not disabled because she could perform her past relevant work as an Administrative Clerk. AR 30. Plaintiff argues the ALJ erred in concluding that Plaintiff could

---

[3] The parties are advised that this Court has carefully reviewed and considered all of the briefs, including arguments, points and authorities, declarations, and/or exhibits. Any omission of a reference to any specific argument or brief is not to be construed that the Court did not consider the argument or brief.

perform her past relevant work because there is a conflict between Plaintiff's RFC and the reasoning requirements of her past relevant work.  (Doc. 14 at 11.)  Specifically, Plaintiff contends that there is an apparent conflict between her limitation to simple and detailed work tasks, involving simple and detailed work instructions, and the Reasoning Level 4 requirements of her past relevant work as an Administrative Clerk.

"All occupations in the DOT are categorized in multiple ways, including how physically demanding each is (sedentary, light, heavy), how long it would take for a worker to learn each occupation ('SVP'), and what level of education each occupation requires ('GED')." *Pugh v. Comm'r of Soc. Sec.*, No. 2:18-cv-1607-KJN, 2019 WL 3936192, at *3 (E.D. Cal. Aug. 20, 2019) (citing DOT, App. C, (4th ed. rev. 1991), available at 1991 WL 688702).  "GED levels include a score for reasoning ability that is required to perform the job, ranging from Levels 1–6 (low to high)." *Id.*; *see also Janet T. v. Kijakazi*, No. 22-CV-00616-JLB, 2023 WL 6168248, at *6 (S.D. Cal. Sept. 20, 2023) ("There are six GED Reasoning Levels that range from Level One (simplest) to Level Six (most complex).").

Plaintiff's past relevant work requires Reasoning Level 4, which is defined as:

> Apply principles of rational systems to solve practical problems and deal with a variety of concrete variables in situations where only limited standardization exists.  Interpret a variety of instructions furnished in written, oral, diagrammatic, or schedule form.  Examples of rational systems are:  bookkeeping, internal combustion engines, electric wiring systems, house building, farm management, and navigation.

DOT, Administrative Clerk, DICOT 219.362-010, 1991 WL 671953.  Plaintiff asserts that a limitation to simple and detailed tasks and instructions conflicts with Reasoning Level 4.  Plaintiff indicates that the "case law is unclear among the district courts in the Ninth Circuit as to whether a limitation to detailed tasks and instructions is at odds with an occupation that requires a reasoning level of '4.'" (Doc. 14 at 10, comparing *Janet T. v. Kijakazi*, No. 22-cv-00616-JLB, 2023 WL 6168248, at *7 (S.D. Cal. Sept. 20, 2023) (identifying "apparent conflict between the opinion that Plaintiff is capable of understanding, remembering, and carrying out simple one or two-step job instructions, but has some limitation in following detailed and complex instructions, and the demands of Reasoning Level 4") and *Hill v. Berryhill*, No.CV 17-68-M-JCL, 2018 WL 3069222, at *4 (D. Mont. June 21, 2018)

7

(identifying that plaintiff's "job of legal secretary requires reasoning level four – which anticipates complex tasks"; "That [plaintiff] may have had difficulty performing the mental tasks of her past relevant work is consistent with [physician's] opinion that she would have difficulty performing work involving complex thinking tasks.") with *Diane A. H. v. Saul*, No. 5:20-CV-00168 KES, 2020 WL 7056022, at *5 (C.D. Cal. Dec. 1, 2020) ("The ALJ could reasonably interpret Dr. Bilik's opinion as referring to jobs with reasoning levels 1 or 2 as "simple," jobs with reasoning levels 3 or 4 as "detailed," and jobs with reasoning levels 5 or 6 as "complex." The DOT does not use the work [sic] "complex" to describe level 4 reasoning.").  Plaintiff argues that given the lack of clarity in the Ninth Circuit (and other circuits), the inconsistency between the language of Plaintiff's RFC and the requirements of Reasoning Level 4 should have been addressed and resolved by the ALJ. (Doc. 14 at 11.)

The Commissioner counters that because Plaintiff only makes a conclusory assertion that the RFC conflicts with Reasoning Level 4 occupations, the Court should find the issued waived. (Doc. 18 at 5.)  However, if the Court were to address the issue, the Commissioner contends that there is no apparent or obvious conflict between the RFC and Reasoning Level 4, because there is nothing in the definition of Reasoning Level 4 showing "that someone who is *capable* of simple and detailed work tasks, involving simple and detailed work instructions (as set out in the RFC), is somehow *in*capable of the tasks described therein."  (*Id.* at 6) (emphasis in original.)

The Commissioner points out that at least one court in the Ninth Circuit has held that an RFC for detailed work is congruent with Reasoning Level 4, as noted by Plaintiff.  In *Diane A. H.*, a physician opined that the plaintiff could do "simple and detailed" tasks but "perhaps not" complex tasks. 2020 WL 7056022, at *5.  The court determined that the ALJ could reasonably interpret the physician's opinion "as referring to jobs with reasoning levels 1 or 2 as 'simple,' jobs with reasoning levels 3 or 4 as 'detailed,' and jobs with reasoning levels 5 or 6 as 'complex.'" *Id*.  The court further explained:

> The DOT does not use the work [sic] "complex" to describe level 4 reasoning. Level 4 reasoning involves concrete rather than abstract variables with some standardization, albeit limited. This kind of reasoning should not be described with the highest available descriptor, i.e., "complex."  Thus, even fully crediting [the physician's] opinions would

8

not establish that Plaintiff could not do work that requires level 4 reasoning. Indeed, upon initial review, the Commissioner concluded that [the physician's] mental functional assessment would not preclude Plaintiff from performing her past relevant work. … ("Although you have been experiencing some anxiety and depression, there are no indications that this imposes major limitations upon your ability to think, communicate, and follow basic instructions or to function adequately in your usual activities. ... [T]hese limitations do not prevent you from performing work you have done in the past ....").

*Id.*

The Ninth Circuit has not addressed the issue of whether a limitation to simple and detailed work and tasks is consistent with Reasoning Level 4. In considering the issue, the Court finds instructive a case from this district, *Pugh v. Comm'r of Soc. Sec.*, No. 2:18-cv-1607-KJN, 2019 WL 3936192, at *1 (E.D. Cal. Aug. 20, 2019). There, the plaintiff's RFC restricted her to "simple and detailed" tasks, and the treating physician qualified her as being able to "understand and remember simple and detailed—but perhaps not complex—tasks." 2019 WL 3936192, at *4. Plaintiff argued that Level 3 Reasoning essentially equated to "complex" reasoning, and when the VE testified that plaintiff could perform occupations at that level, "the ALJ was required to do more than just accept the VE's testimony that the assessment was in line with the DOT." *Id.* In considering plaintiff's argument, the *Pugh* court contrasted courts finding "that someone who can perform 'simple and detailed' tasks can perform occupations with a Level 2 Reasoning" with courts considering that "an RFC with 'complex' tasks relates well to Reasoning Levels 3 and 4." *Id.* (citations omitted). The court indicated that while the Ninth Circuit had not spoken on the specific issue, "multiple courts in this district have found that when an RFC restricts the claimant to detailed–but–not–complex tasks, this creates an apparent conflict with Level 3 Reasoning." *Id.* at *5 (citations omitted). The court therefore found that "an apparent conflict exists between Reasoning Level 3 and an RFC restricting a claimant to 'simple, detailed' tasks (as differentiated from 'complex' tasks)." *Id.*

As is the case here, *Pugh* also considered an RFC for "simple and detailed" tasks, and found an apparent conflict between that RFC and Reasoning Level 3. *Pugh* therefore suggests an apparent conflict between an RFC for "simple and detailed tasks" and even higher levels of reasoning, such as Reasoning Level 4. *Pugh* is not wholly inconsistent with cases in the Ninth Circuit that correlate

9

Reasoning Level 4 with at least moderately complex tasks, as differentiated from simple and detailed tasks. *See*, *e .g.*, *Janet T.*, 2023 WL 6168248, at *7 (identifying apparent conflict between some limitation in following detailed and complex instructions and the demands of Reasoning Level 4; *Hill*, 2018 WL 3069222, at *4 (indicating that Reasoning Level 4 anticipates complex tasks); *Barrios v. Berryhill*, No. CV 16-3984-KS, 2017 WL 1423705, at *5 (C.D. Cal. Apr. 20, 2017) (identifying no apparent conflict between plaintiff's limitation to moderately complex tasks and the demands of level three and level four reasoning occupations as there might have been had she been limited to simple, routine, or repetitive tasks); *Imran v. Colvin*, No. CV 14-1943-PLA, 2015 WL 5708500, at *6 (C.D. Cal. Sept. 28, 2015) (same); *accord Bowman v. Colvin*, 228 F. Supp. 3d 1121, 1141 (D. Or. 2017) (identifying apparent conflict between RFC limitation to "simple and detailed tasks," excluding "complex tasks," and level three reasoning). The record here suggests an apparent conflict given the ALJ's repeated determination that Plaintiff could perform a range of work involving simple and "*up to detailed instructions and tasks.*" AR 23, 27, 28 (emphasis added).

While at least one court has reached an opposite result, referring to jobs with reasoning levels 3 or 4 as "detailed," the Court is mindful of the absence of binding authority from the Ninth Circuit, further implicating a potential conflict between the VE's testimony and the DOT. The ALJ's failure to reconcile the apparent inconsistency is not harmless error as the ALJ relied on the VE's testimony that Plaintiff could perform her past relevant work requiring Reasoning Level 4. (AR 30, 59-61.) The ALJ did not make an alternative finding.

Given the error, the Court must decide the appropriate remedy. The decision whether to remand for further proceedings or order an immediate award of benefits is within the Court's discretion. *See Harman v. Apfel*, 211 F.3d 1172, 1175-78 (9th Cir. 2000). Unless "the record has been fully developed and further administrative proceedings would serve no useful purpose," remand for further proceedings is warranted. *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). As it is not clear that "further administrative proceedings would serve no useful purpose," remand for further proceedings is appropriate. *Id.*; *see also Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015) ("A district court may reverse the decision of the Commissioner of Social Security, with or without

remanding the cause for a rehearing, but the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.") (internal quotes and citations omitted).

## **CONCLUSION AND RECOMMENDATION**

Based on the foregoing, the Court finds that the ALJ's decision is not supported by substantial evidence in the record as a whole and is not based on proper legal standards. Accordingly, IT IS HEREBY RECOMMENDED as follows:

1. Plaintiff's motion for summary judgment (Doc. 14) be granted.
2. The decision of the Administrative Law Judge be vacated and the Commissioner's request to affirm the decision be denied.
3. The matter be remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings.
4. The Clerk of this Court be directed to enter judgment in favor of Plaintiff Nancy McCarter and against Defendant Martin O'Malley, Commissioner of Social Security.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, as required by 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **June 18, 2024**          /s/ *Barbara A. McAuliffe*
                                              UNITED STATES MAGISTRATE JUDGE