UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NANCY MARIE MCCARTER,<br><br>  Plaintiff,<br><br>  v.<br><br>MARTIN O'MALLEY, Commissioner of Social Security,[1]<br><br>  Defendant. | Case No. 1:23-cv-1153 JLT BAM<br><br>ORDER ADOPTING THE FINDINGS AND RECOMMENDATIONS, GRANTING PLAINTIFF'S APPEAL, DENYING DEFENDANT'S REQUEST TO AFFIRM, AND REMANDING FOR FURTHER PROCEEDINGS PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g)<br><br>ORDER DIRECTING ENTRY OF JUDGMENT IN FAVOR OF PLAINTIFF NANCY MARIE MCCARTER AND AGAINST DEFENDANT MARTIN O'MALLEY, COMMISSIONER OF SOCIAL SECURITY<br><br>(Docs. 14, 18, 20) |

Nancy Marie McCarter seeks judicial review of a final decision denying her application for a period of disability and disability insurance benefits under Title II of the Social Security Act. (Doc. 1.) Plaintiff asserts the decision is not supported by substantial evidence in the record, because the administrative law judge failed to resolve a conflict between the testimony of the vocational expert and the *Dictionary of Occupational Titles* to support the determination that she

---

[1] Martin O'Malley became the Commissioner of Social Security on December 20, 2023. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the Court substitutes Martin O'Malley as the defendant in this suit.

1

1  can perform her past relevant work as an administrative clerk.  (Doc. 14.)  The Commissioner
2  asserts the decision finding Plaintiff is not disabled within the meaning of the Social Security Act
3  "is supported by substantial evidence and free from legal error."  (Doc. 18 at 10; *see also id* at 3-
4  10.)  For the reasons set forth below, Plaintiff's appeal is granted, and the matter is remanded for
5  further administrative proceedings.

## I.     Decision of the ALJ

The ALJ determined Plaintiff did not engage in substantial gainful activity since her alleged onset date of January 20, 2021.  (Doc. 9-10 at 24.)  Second, the ALJ found Plaintiff's severe impairments included: systemic lupus erythematosus, affective disorders, and stress-related disorders.  (*Id.*)  At step three, the ALJ determined Plaintiff's impairments did not meet or medically equal a Listing.  (*Id.* at 26-28.)  Next, the ALJ concluded Plaintiff had the residual functional capacity to perform light work with postural, manipulative, and environmental limitations.  (*Id.* at 28.)  In addition, the ALJ found Plaintiff "could learn, remember, and perform simple and detailed work tasks, involving simple and detailed work instructions; and she could attend, concentrate, and maintain pace for two hours at a time with normal breaks."  (*Id.*)

At step four, the ALJ found Plaintiff was able to perform her past relevant work as an administrative clerk, DOT 291.362-010.  (Doc 9-10 at 34.)  In so finding, the ALJ relied upon a vocational expert, who "testified that a hypothetical individual with the claimant's age, education, work experience, and residual functional capacity could … work as an Administrative Clerk as that position was generally performed."  (*Id.*)  The ALJ found the VE's testimony was "consistent with the information contained in the DOT and its companion publications and otherwise supported by her professional education, experience, and training."  (*Id.*)  The ALJ noted the VE "expressly explained that alternating between sitting and standing, different types of climbing, exposure to sunlight, overhead reaching, and use of foot controls are not contemplated by the DOT and its companion publications and that her testimony concerning those limitations was based on her professional education, experience, and training."  (*Id.*)  The ALJ found this was "a reasonable explanation for resolving the conflicts" between the VE's testimony and the DOT.  (*Id.*)  Therefore, the ALJ concluded Plaintiff was not disabled as defined by the Social Security

Act. (*Id.* at 34-35.)

## II.      Findings and Recommendations of the Magistrate Judge

Plaintiff argued there was a conflict between the VE's testimony and the DOT, because "an administrative clerk requires a reasoning level of four." (Doc. 14 at 8.) The magistrate judge observed that "[t]he Ninth Circuit has not addressed the issue of whether a limitation to simple and detailed work and tasks is consistent with Reasoning Level 4." (Doc. 20 at 9.) However, the magistrate judge noted this Court previously found "an apparent conflict exists between Reasoning Level 3 and an RFC restricting a claimant to 'simple, detailed' tasks (as differentiated from 'complex' tasks)." (*Id.*, quoting *Pugh v. Comm'r of Soc. Sec.*, 2019 WL 3936192, at *1 (E.D. Cal. Aug. 20, 2019).) The magistrate judge observed that *Pugh* "suggests an apparent conflict between an RFC for "simple and detailed tasks" and even higher levels of reasoning, such as Reasoning Level 4." (*Id.*) Further, the magistrate judge opined this was "not wholly inconsistent with cases in the Ninth Circuit that correlate Reasoning Level 4 with at least moderately complex tasks, as differentiated from simple and detailed tasks. (*Id.*, citations omitted.) The magistrate judge acknowledged: "While at least one court has reached an opposite result, referring to jobs with reasoning levels 3 or 4 as 'detailed,' the Court is mindful of the absence of binding authority from the Ninth Circuit, further implicating a potential conflict between the VE's testimony and the DOT." (*Id.*)

The magistrate judge concluded the failure to reconcile the inconsistency between the VE's testimony and the DOT was "not harmless error," given that the ALJ relied upon the VE's testimony at step four and did not make an alternative finding at step five and terminated the analysis. (Doc. 20 at 10.) Therefore, the magistrate judge recommended Plaintiff's appeal be granted, the Commissioner's request to affirm be denied, the matter be remanded pursuant to sentence four of 42 U.S.C. § 405(g), and judgment be entered in favor of Plaintiff. (*Id.* at 11.)

## III.     Objections

The Commissioner objects to the Findings and Recommendations, asserting that "the existence of a 'potential' conflict facially does not meet SSR 00-4p's standard of an 'apparent' conflict, or existing Ninth Circuit precedent confirming that an 'apparent or obvious' conflict

3

must exist before an ALJ is required to resolve it." (Doc. 21 at 4, citing SSR 00-4p, available at 2000 WL 1898704; *Gutierrez v. Colvin*, 844 F.3d 804, 808 (9th Cir. 2016).)  The Commissioner observes that the Ninth Circuit determined "not all potential conflicts [] will be apparent or obvious" and "an ALJ need only follow up on those that are." (*Id.*, quoting *Gutierrez*, 844 F.3d at 808.) According to the Commissioner, the magistrate judge's "finding of a 'potential' conflict highlights that there was no 'apparent or obvious' conflict for the ALJ to resolve." (*Id.*)  In addition, the Commissioner contends that because the ALJ did not exclude Plaintiff from complex work, several cases cited by the magistrate judge "are inapposite." (*Id.* at 5.) Therefore, the Commissioner maintains the ALJ's decision should be affirmed. (*Id.* at 6.)

**IV.     Discussion and Analysis**

A district judge may "accept, reject or modify, in whole or in part, the findings and recommendations..." 28 U.S.C. § 636(b)(1). If a party files objections, "the court shall make a de novo determination of those portions of the report or specified proposed finding or recommendations to which objection is made." *Id.*  A de novo review requires the Court to "consider[] the matter anew, as if no decision had been rendered." *Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009).

**A.     Vocational resources**

A claimant has the burden at step four to demonstrate that she cannot perform her past relevant work "either as actually performed or as generally performed in the national economy." *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002). In general, "the best source for how a job is generally performed" is the *Dictionary of Occupational Titles*, which classifies jobs by their exertional and skill requirements. *Pinto v. Massanari*, 249 F.3d 840, 845 (9th Cir. 2001); *see also Terry v. Sullivan*, 903 F.2d 1273, 1276 (9th Cir. 1990); 20 C.F.R. § 416.966(d)(1). However, the ALJ may also rely upon the testimony of a vocational expert. *Pinto*, 249 F.3d at 846.

Pursuant to Social Security Ruling[2] 00-4p, occupational evidence provided by a

---

[2] Social Security Rulings are issued by the Commissioner to clarify its polices and regulations. Though they do not have the force of law, the Ninth Circuit gives the rulings deference "unless they are plainly erroneous or inconsistent with the Act or regulations." *Han v. Bowen*, 882 F.2d 1453, 1457 (9th Cir. 1989); *see also Ukolov v. Barnhart*, 420 F.3d 1002, 1005 n.2 (indicating SSRs are given deference "as long as they are consistent with the Social Security Act and regulations").

vocational expert "generally should be consistent with the occupational information supplied by the DOT." SSR 00-4p, 2000 WL 1898704 at *2. When there is an apparent conflict between the testimony of the vocational expert and the *Dictionary of Occupational Titles*, "the adjudicator must elicit a reasonable explanation for the conflict before relying on the [vocational expert testimony] to support a determination or decision about whether the claimant is disabled." *Id.* Further, SSR 00-4p, provides:

> At the hearings level, as part of the adjudicator's duty to fully develop the record, the adjudicator will inquire, on the record, as to whether or not there is such consistency.
>
> Neither the DOT nor the [vocational expert] evidence automatically "trumps" when there is a conflict. The adjudicator must resolve the conflict by determining if the explanation given by the [vocational expert] is reasonable and provides a basis for relying on the [vocational expert] testimony rather than on the DOT information.

*Id.* Accordingly, an ALJ must inquire "whether the testimony conflicts with the *Dictionary of Occupational Titles*," and may only rely upon conflicting expert testimony when "the record contains persuasive evidence to support the deviation." *Massachi v. Astrue*, 486 F.3d 1149, 1153 (9th Cir. 2007); *see also Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir. 1995).

**B.    Vocational expert's testimony**

Rachel McDaniel, a vocational expert, testified before the ALJ at the hearing. (Doc. 9-10 at 41, 63.) The VE testified that Plaintiff's past relevant work "would all fall under the DOT title of administrative clerk," DOT 219.362-010. (*Id.* at 63.) The VE explained, "This is light, per the DOT, with an SVP of 4." (*Id.*) However, the VE opined Plaintiff performed the work "at the medium exertional [level]." (*Id.*)

The ALJ found Plaintiff had the physical ability to perform light work—with postural, manipulative, and environmental limitations—and asked the VE to consider a hypothetical individual with these limit (Doc. 9-10 at 28.) The VE opined the physical RFC identified by the ALJ "would eliminate the past work as how [Plaintiff] performed it, but would allow for the past work, per the DOT." (*Id.* at 64.) The ALJ then asked the VE to consider the same physical RFC, with the following mental abilities: "[T]his hypothetical individual can learn, remember, and perform simple and detailed tasks, involving simple and detailed work instructions. Additionally,

this individual can attend, concentrate, and maintain pace for two hours at a time, with normal breaks." (*Id.* at 64-65.)  The VE again opined the hypothetical person could perform Plaintiff's past relevant work "per the DOT, not as how performed." (*Id.* at 65.)

At the end of the hearing, the ALJ asked the VE if her testimony was consistent with the *Dictionary of Occupational Titles*.  (Doc. 9-10 at 66.)  In response, the VE stated:

> It is not inconsistent; however, the DOT and the SCO does not specifically address absentee, time off task, exposure to sunlight, the use of foot controls, specifically overhead reaching, the difference in ramps and stairs versus ladders, ropes, and scaffolds, or the standing and sitting requirements as specified under hypothetical -- under the hypothetical.

(*Id.*)  The VE explained that her testimony "was based on [her] education, training, and experience in the field of vocational rehab." (*Id.*)  Plaintiff contends this testimony from the VE was inconsistent with the *Dictionary of Occupational Titles,* given the reasoning level required in the description for the administrative clerk position.  (Doc. 14 at 8-13.)

**C.     Reasoning Levels**

In the *Dictionary of Occupational Titles*, each job description includes a General Educational Development ("GED") definition that "embraces those aspects of education (formal and informal) which are required of the worker for satisfactory job performance." *Salas v. Astrue*, 2011 WL 2620370 at *5 (E.D. Cal. June 29, 2011) (quoting *Grigsby v. Astrue*, 2010 WL 309013 at *2 (C.D. Cal. Jan. 22, 2010)).  The GED includes a scale for "reasoning development," which ranges from Level 1 (low) to Level 6 (high, most complex). *Id.*  For example, the *Dictionary of Occupational Titles* indicates Reasoning Level 4—which is required for the administrative clerk position— requires the following cognitive functioning: "Apply principles of rational systems[] to solve practical problems and deal with a variety of concrete variables in situations where only limited standardization exists.  Interpret a variety of instructions furnished in written, oral, diagrammatic, or schedule form." *DOT-* Appendix C, § III, 1991 WL 688702.

When a vocational expert identifies a position with a reasoning level that exceeds the mental limitations identified in a claimant's RFC, an ALJ has a duty to resolve the conflict between the vocational resources. *See Zavalin v. Colvin*, 778 F.3d 842, 847 (9th Cir. 2015).

**D.     Conflict between the VE and DOT**

Plaintiff contends the testimony of the VE—namely, that she can perform her past relevant work of an administrative clerk position as generally performed—conflicts with the DOT based upon the Reasoning Level 4 required for the position. (Doc. 14 at 8-13.) As the magistrate judge observed, "The Ninth Circuit has not addressed the issue of whether a limitation to simple and detailed work and tasks is consistent with Reasoning Level 4." (Doc. 20 at 9.) Nevertheless, the Ninth Circuit and district courts have established some perimeters with reasoning levels that may be consistent with, or conflict with, various residual functional capacities.

The Ninth Circuit observed that "level-one jobs require instructions involving at most two steps, whereas level-two jobs may require 'detailed'—that is, potentially longer—instructions.'" *Leach v. Kijakazi*, 70 F.4th 1251, 1256 (9th Cir. 2023) (citing *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1003 (9th Cir. 2015). The Ninth Circuit also repeatedly indicated the ability to perform "simple" work is consistent with Reasoning Level 2 work. *See, e.g., Davis v. Saul,* 846 F. App'x 464, 466 (9th Cir. 2021); *Ranstrom v. Colvin,* 622 F. App'x 687, 688 (9th Cir. 2015) ("There is no appreciable difference between the ability to make simple decisions based on 'short, simple instructions' and the ability to use commonsense understanding to carry out 'detailed but uninvolved ... instructions,' which is what Reasoning Level 2 requires"). Toward that end, the limitation to "simple, routine" work is inconsistent with testimony that a claimant can perform work as an administrative clerk. *See, e.g., Ball v. Astrue,* 2010 WL 3420166 (D.Or. Aug. 27, 2010); *Cummings v. Berryhill*, 2018 WL 3213606, at *5 (D. Haw. June 29, 2018).

Evaluating Reasoning Level 3— which requires the ability to "[a]pply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form and "[d]eal with problems involving several concrete variables in or from standardized situations"— the Ninth Circuit found "there is an apparent conflict between the residual functional capacity to perform simple, respective tasks, and the demands of Level 3 Reasoning." *Zavalin*, 778 F.3d at 847; *see also DOT-* Appendix C, § III, 1991 WL 688702. The Court considered "side by side, the definitions of Level 2 and Level 3 Reasoning," and found the conflict was "plain." *Id.* The Court explained, the "limitation to simple, routine tasks is at odds with Level 3's requirements because

7

it may be difficult for a person limited to simple, repetitive tasks to follow instructions in diagrammatic form as such instructions can be abstract." *Id.* (citation omitted).  Thus, the Court concluded the demands of Reasoning Level 3 are inconsistent with a limitation to simple tasks. *Id.*; *see also Stiffler v. O'Malley*, 102 F.4th 1102, 1108 n.1 (9th Cir. 2024) (finding an apparent conflict between a vocational expert's testimony and the DOT, where the claimant was limited to "simple, routine tasks" and the DOT indicated the position of mail clerk required Reasoning Level 3).

With guidance from *Zavalin* and *Rounds*, this Court previously evaluated a claimant's limitation to "simple and detailed tasks" in *Pugh v. Comm'r of Soc. Sec.*, 2019 WL 3936192 (E.D. Cal. Aug. 19, 2019).  The Court observed:

> [M]ultiple courts in this district have found that when an RFC restricts the claimant to detailed–but–not–complex tasks, this creates an apparent conflict with Level 3 Reasoning. *See Bowman v. Colvin*, 228 F.Supp.3d 1121 (D. Or. 2017) ("[W]hen the RFC [restricting the claimant to "simple, detailed, non–complex tasks"] is compared to the definitions of both Level Two and Level Three reasoning, it is clear that the RFC here aligns with Level Two and not Level Three."); *see also Trai Truong v. Saul*, 2019 WL 3288938 (S.D. Cal. July 19, 2019) (RFC limiting to "detailed non– complex instructions" tracks closely to Reasoning Level 2 ...."); *Vanessa R. v. Commissioner*, 2019 WL 1586867 (W.D. Wash. Mar. 28, 2019) (same); *Ebony B. v. Berryhill*, 2019 WL 1296875 (C.D. Cal. Mar. 21, 2019) (apparent conflict exists between Level 3 reasoning and limitation to non–complex tasks); *Kinney v. Berryhill*, 2018 WL 1145694 (C.D. Cal. Jan. 25, 2018) (same); *Barbee v. Berryhill*, 2017 WL 3034531 (S.D. Cal. July 18, 2017) (same). As noted in Bowman, this trend has existed for over a decade across the country. *See Davis v. Astrue*, 2008 WL 517238, at *5 (N.D. Tex. Feb. 27, 2008); *Trebilcock v. Barnhart*, 2004 WL 2378856, at *3 (D. Me. Oct. 25, 2004); *Hodgson v. Barnhart*, 2004 WL 1529264, at *2 (D. Me. June 24, 2004) (*aff'd*, 129 Fed. Appx. 633 (1st Cir. 2005)).

*Id.*, 2019 WL 3936192, at *5.  Having reviewed these cases, the Court concluded: "an apparent conflict exists between Reasoning Level 3 and an RFC restricting a claimant to 'simple, detailed' tasks."  *Id.*

Similarly, here, the ALJ found Plaintiff "could learn, remember, and perform simple and detailed work tasks, involving simple and detailed work instructions." (Doc. 9-10 at 28.)  In limiting Plaintiff to "simple and detailed work," the ALJ implicitly found Plaintiff is *not* capable of complex tasks.  In the DOT, Reasoning Level 4 requires the ability to deal with "a variety

concrete variables" and interpret "a variety of instructions furnished in written, oral, diagrammatic, or schedule form." *DOT-* Appendix C, § III, 1991 WL 688702.  As another district court observed, "instructions in 'diagrammatic form' … may be abstract," and problems involving several concrete variables "may quickly become complex," which exceeds the limitation to "detailed" work. *Truong v. Saul*, 2019 WL 3288938, at *6 (S.D. Cal. July 19, 2019) (addressing an RFC limiting a claimant to "detailed, non-complex instruction").  Given the identified requirements for Reasoning Level 4 in the DOT, the authorities cited in *Pugh* are persuasive in finding a claimant limited to "detailed" instructions cannot perform jobs requiring Reasoning Level 4.  The magistrate judge did not err in finding Plaintiff's RFC conflicts with the demands of Reasoning Level 4, and there is an apparent conflict between the testimony of the VE and the DOT.[3]

Because the ALJ did not address the conflict—and the vocational expert did not explain her conclusion that Plaintiff could perform her past relevant work despite the limits identified with the mental RFC—the record cannot support the deviation from the *Dictionary of Occupational Titles*. *See Johnson*, 60 F.3d at 1435; *Rawlings v. Astrue*, 318 Fed. Appx. 593, 595 (2009) ("Only after determining whether the vocational expert has deviated from the *Dictionary of Occupational Titles* and whether any deviation is reasonable can an ALJ properly rely on the vocational expert's testimony as substantial evidence to support a disability determination.") This error is not harmless, and remand for further administrative proceedings is required. *See Zavalin*, 778 F.3d at 848.

V.     **Conclusion and Order**

According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of the case. Having carefully reviewed the entire matter, including the Commissioner's objections, the Court concludes the Findings and Recommendations are supported by the record and proper analysis.

///

---

[3] The Commissioner argues remand is not required because the magistrate judge found only a "potential conflict." Notably, however, the magistrate judge also found there was an "apparent inconsistency" between the VE's testimony and the DOT. (Doc. 20 at 10.)  Regardless, the Ninth Circuit indicated an ALJ has a duty to resolve a conflict "where… the record evinces a *potential* conflict." *Tester v. Colvin*, 624 Fed. 485, 487 n.2 (9th Cir. 2016) (emphasis added). Thus, even a finding of a "potential conflict" supports warrants remand. *Id.*

Based upon the foregoing, the Court **ORDERS**:

1. The Findings and Recommendations (Doc. 20) are **ADOPTED**.
2. Plaintiff's appeal and request for remand (Doc. 14) is **GRANTED**.
3. Defendant's request to affirm the administrative decision (Doc. 18) is **DENIED**.
4. The matter is **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings.
5. The Clerk of Court is directed to enter judgment in favor of Plaintiff Nancy Marie McCarter and against Defendant Martin O'Malley, Commissioner of Social Security, and to close this case.

IT IS SO ORDERED.

Dated: __**September 10, 2024**__                    _/s/ Jennifer L. Thurston_
　　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE